**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4814**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

BRENT EARL WOOD,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (5:05-cr-00044-BO)

Submitted: July 9, 2009              Decided: August 14, 2009

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

George Edward Bell Holding, United States Attorney, Ann Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellant. Brent Earl Wood, Cary, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The United States appeals from a judgment of acquittal and conditional new trial granted to Brent E. Wood after a jury convicted him of eight charges relating to fraudulent misrepresentations made to investors in a venture capital fund. The district court found that, despite the jury's verdict, the Government's evidence was insufficient as a matter of law to sustain Wood's convictions. The district court granted Wood a judgment of acquittal and, in the event of a reversal of this judgment, a new trial. For the following reasons, we reverse the district court's order, and remand for sentencing.

Federal Rule of Criminal Procedure 29 provides that a district court "must enter a judgment of acquittal [when] the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We review a judgment of acquittal de novo, determining whether, viewing the evidence in the light most favorable to the Government, a rational fact-finder could have found the essential elements of the charged offenses beyond a reasonable doubt. See United States v. Singh, 518 F.3d 236, 246 (4th Cir. 2008).

The elements of substantive mail fraud are: (1) the existence of a scheme to defraud, and (2) the use of mails to perpetrate the scheme. United States v. Vinyard, 266 F.3d 320, 326 (4th Cir. 2001). To establish the first element, the

2

Government must prove that Wood "acted with the specific intent to defraud, which 'may be inferred from the totality of the circumstances and need not be proven by direct evidence.'" United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001) (quoting United States v. Ham, 998 F.2d 1247, 1254 (4th Cir. 1993)).

To prove a conspiracy to commit mail fraud, the Government must prove (1) the existence of an agreement to commit mail fraud, (2) the defendant's willing participation, and (3) an overt act in furtherance of the agreement. United States v. Edwards, 188 F.3d 230, 234 (4th Cir. 1999). The Government must show that the defendant acted with a specific intent to defraud, which may be proven with circumstantial evidence. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

To establish a conspiracy to commit money laundering, the Government must prove (1) the existence of an agreement to commit money laundering, (2) the defendant knew the money laundering proceeds were derived from illegal activity, and (3) the defendant knowingly and voluntarily participated in the conspiracy. Singh, 518 F.3d at 248.

Viewing the evidence in the light most favorable to the Government, we find that the Government presented evidence more than sufficient for a rational juror to conclude that Wood

3

acted with specific intent to defraud investors and launder money. The district court therefore erred in granting a judgment of acquittal.

The Government also argues that the district court erred in conditionally granting Wood a new trial. We review a district court's grant of a new trial for an abuse of discretion. United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997). The district court should exercise its discretion to award a new trial "sparingly," and should only grant a new trial when the evidence weighs so heavily against the verdict that to deny a new trial would be contrary to the "interest of justice." Fed. R. Crim. P. 33; see United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006); United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992). In deciding a motion for a new trial, the district court may consider the credibility of witnesses and is not required to view the evidence in the light most favorable to the government. Campbell, 977 F.2d at 860.

Here, the district court failed to explain its decision to grant a new trial, stating only that "the evidence in this case weighs heavily against the verdict." It appears that the court granted a new trial based on its finding that the evidence was insufficient to support the verdict. Because we have concluded that the evidence was sufficient, we must find the grant of a new trial an abuse of discretion.

For the foregoing reasons, we reverse the district court's judgment of acquittal and its conditional grant of a new trial. We deny Wood's motions to amend the informal brief and for oral argument, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We remand for further proceedings consistent with this opinion.

<u>REVERSED AND REMANDED</u>